# LAWRENCE *v.* HAMMOND.

BILLS OF EXCHANGE; PROTEST, WHAT WILL EXCUSE; AFFIDAVITS OF DEFENSE; SEVENTY-THIRD RULE; CONSTRUCTION OF.

1. Protest of a foreign bill of exchange is excused and need not be proved where the drawer has no funds in the hands of the drawee, or has no right to draw the bill, or has admitted his liability on the bill, or has promised to pay the same.

2. In a suit on a promissory note and two bills of exchange, in all aggregating $10,000, an affidavit of defense under the Seventy-third Rule of the Supreme Court of this District will be sufficient, which admits an indebtedness of $5,000, but states that such sum is not represented by, or owing from the defendant on the note and bills sued upon; that the transactions between the plaintiff and the defendant have been frequently changed, and that the indebtedness is now merged in one single obligation of $5,000; and further states that the notes and bills sued upon are not valid and subsisting demands upon which the plaintiff is entitled to recover.

3. The Seventy-third Rule and the affidavit of defense required by it, are to be liberally construed in favor of the defendant's right to make and maintain his defense.

No. 347. Submitted October 19, 1894. Decided November 6, 1894.

HEARING on an appeal by the defendant from a judgment under the Seventy-third Rule in an action on a promissory note and two bills of exchange. *Reversed.*

The COURT in its opinion, stated the case as follows:

This is another case arising under the Seventy-third Rule of the Supreme Court of the District of Columbia. The action was brought by the appellee, William A. Hammond, upon a promissory note and two bills of exchange, against the appellant, Joseph S. Lawrence, as maker of the note, and drawer and indorser of the bills of exchange. The declaration contains four counts; the first three being special—one upon the note, the other two upon the bills of exchange—and the fourth count is a common count, for money lent, and money

paid by the plaintiff to and for the defendant, and for money received by the defendant to the use of the plaintiff, and for money found to be due by the defendant to the plaintiff on accounts stated.   The amount claimed is $10,000, with interest.

To this declaration the defendant pleaded to the first three counts of the declaration : 1st. That he did not promise and assume as alleged; 2d. That the money claimed in the first three counts had been paid and settled by other obligations of the defendant, not now in suit; and, 3d. That he is not indebted as alleged in the fourth count.

The plaintiff filed an affidavit * with his declaration, under the rule of court; and the defendant filed an affidavit† of defense with his pleas, under the same rule.

---

*Plaintiff's affidavit.*—District of Columbia, *ss* : Before me, the undersigned, personally appeared William A. Hammond, who, being first duly sworn according to law, deposes and says : I am the plaintiff in the foregoing and annexed declaration and Joseph S. Lawrence is the defendant therein.   My cause of action against said defendant is a note for $2,500.00, dated February 7, 1893, made by the defendant, in which he promised to pay to my order the said sum with interest, but did not pay the same or any part thereof or any interest thereon ; said note is correctly described in the first count of said declaration ; a bill of exchange dated July 5, 1893, drawn by the defendant, directed to Edward Morton & Co., requiring them to pay to the order of the defendant $5,000.00, with interest, at 30 days' sight, which said bill was endorsed to me by the defendant and was accepted by said Morton & Co.   It was duly presented for payment and was dishonored, of which the defendant had notice, but did not pay the same or any part thereof or any interest thereon ; said bill of exchange is correctly described in the second count of said declaration, and a bill of exchange, dated July 5, 1893, drawn by the defendant and directed to Edward Morton & Co., requiring them to pay to the order of the defendant $2,500.00, with interest, at 30 days' sight, which said bill was endorsed by the defendant and accepted by said Morton & Co. and is now held and owned by me.   Said bill was presented for payment and was dishonored, of which the defendant had notice, but did not pay the same or any part thereof or any interest thereon ; said bill is correctly described in the third count of said declaration.

I became the holder of said note and bills of exchange under the following circumstances : On or about the 13th day of September, 1892, one A. E. Stevens approached me with a proposition that I should buy all of defendant's interest in the National Heating and Ventilating Company, a corporation in which he owned a large block of the capital stock.   I shortly thereafter had an interview with the defendant on the subject, and he then told me that he was greatly in want of money with which to complete a street railroad that he was constructing in Rome, Georgia.   He said that if he could get five or

The plaintiff moved for and obtained judgment under the rule, for the full amount claimed, for want of sufficient affidavit of defense; and the defendant objected to such judgment, both upon the ground that the affidavit of the plaintiff was not sufficient to entitle him to judgment under the rule, and that the defendant's affidavit was sufficient to entitle him, the defendant, to regular trial.

*Mr. D. W. Baker* for the appellant:

1. Plaintiff's affidavit and declaration, so far as the two

ten thousand dollars together he would be able to finish the road by the 1st of January following, and that he would sell me half of his stock in the said ventilating company for five thousand dollars and give me an option for a like sum on the other half till January 1, 1893. I told him that I did not have at that time the cash with which to make the payment. He told me that he would take my notes for $2,500.00 each, at four and five months, and that if at the end of that time (5 months) I had not disposed of the ventilating company stock to my satisfaction he would take it back and return the money; that long before that time he would have disposed of the bonds of the said street railroad, which he owned to the extent of $100,000.00, and would therefore be in ample funds; he also stated, as a further inducement for me to purchase his said ventilating company stock, that he had met a man in New York who was greatly interested in the scheme of that company and who would doubtless buy a large interest of me in the company; that, furthermore, without my assistance he would almost certainly fail in his efforts to finish his street railroad.

I accepted his proposition for the conditional purchase of his ventilating company stock, and gave him my two notes for $2,500.00 each, dated September 13, 1892—one for four and the other for five months. One of these notes was paid by me at maturity, and the other was renewed in two notes—one of $1,500.00 and the other of $1,000.00—as the defendant had not sold his bonds and I was willing to give him more time, even at great inconvenience, for I had to borrow the money to pay the notes, which I subsequently did pay.

At or about the time of the maturity of the said note at five months I informed the defendant that I did not care to purchase the rest of the stock owned by him in the said ventilating company, and that I would return to him the stock that I had already conditionally purchased, as hereinbefore shown, and requested that he repay to me the amount I had given him therefor, to wit, the sum of $5,000.00, in accordance with our said agreement in that behalf.

Shortly thereafter the defendant went to Rome, Ga., to be back, as he said, in ten days. Before leaving he requested me to give him my note for $5,000.00, which he said he would get discounted at Rome, and would send me half of the proceeds in cash, while at the same time he gave me his note for the other half. This is the note dated February 7, 1893, and hereinbefore described. When he arrived in Rome, or a few days afterwards, he wrote me under date of February 11, 1893, that he could not arrange matters before March

bills of exchange sued upon in said declaration are concerned, are insufficient to entitle the plaintiff to recover. Endlich on Affidavit of Defense, Sec. 283; *James* v. *Davis*, 3 Mackey, 158; *Bond* v. *Shepherd*, 3 Mackey, 367, 369; *Foertsch* v. *Germuiller*, 3 App. D. C. 340; *Burke* v. *McKay*, 2 Howard, 66; *Young* v. *Bryan*, 6 Wheat. 146; *Bank U. S.* v. *Leathers*, 10 B. Mon. 64; *Ocean City Bank* v. *Williams*, 102

---

1st, and he sent me his check of that date, in lieu of the cash he was to remit, for $2,500.00. This check and his note for $2,500.00 were for my $5,000.00 note. When presented for payment there were no funds to meet the check and it was not and never has been paid. Repeatedly thereafter he wrote me, expressing his regret that he could not arrange matters. In numerous letters and telegrams he declared he was on the verge of selling his said street railroad bonds and of paying me in full.

When he returned to Washington he had had from me $5,000.00 for his stock, and which he was to repay, as hereinbefore shown, and my note for $5,000.00, for which I had received nothing. He was then in treaty with parties in New York to buy his bonds, and he repeatedly declared his intention of repaying me the $10,000.00. He often expressed his regret that he had not been able to do so, and offered to give me a mortgage on a farm he owned in Maryland. Finally, I had to pay the $5,000.00 note, which I did with $2,500.00 that I borrowed, and a draft for $2,500.00, which he said he was authorized to make on a man named King, of Rome, Ga., and which he endorsed. He did not, however, inform me until after the draft was accepted by the National Metropolitan bank of this city that he had had another and previous telegram from said King requiring my note at 30 days for the amount of said draft. This note I was forced to give in order to insure payment of the draft. The draft, however, was not paid, and I was forced to make it good.

He, therefore, still owed me $10,000.00, and had then obtained from me besides a note for $2,500.00. This note I refused to pay, and it was subsequently delivered to me cancelled.

In order to pay me $10,000.00, so due and owing, and which he had repeatedly acknowledged, he gave me two drafts on Edward Morton & Co., at 30 days' sight—one for $2,500.00. and one for $5,000.00, as hereinbefore described, the former being in lieu of his said check for that amount. These drafts were accepted by the drawees, and with the said note for $2,500.00 at four months from February 7, 1893, hereinbefore described, made the $10,000.00. These accepted drafts were not paid when due, but were renewed for 30 days, with interest, and when they matured they were not paid and are still unpaid.

And there is now justly due and owing to me by the defendant, by reason of the premises, the sum of $10,000.00, with interest on $2,500.00 from February 7, A. D. 1893, and on $7,500.00 from July 5, 1893, over and above all set-offs and just grounds of defense.

WILLIAM A. HAMMOND.

† *Defendant's affidavit.*—District of Columbia, *ss*: Personally appeared Joseph S. Lawrence, who, being first duly sworn, according to law, deposes and says he is the defendant in the foregoing annexed plea, and that William A. Hammond is the plaintiff therein.

Mass. 141; *Phœnix Bank* v. *Hussey*, 12 Pick. 483; *Carter* v. *Union Bank*, 7 Hump. 528; Daniels on Neg. Inst., 926 *et seq.*; *Slacum* v. *Pomeroy*, 6 Cranch. 221; Byles on Bills, 398; *Armani* v. *Castrique*, 13 M. & W. 443; *Wilson* v. *Lenox*, 1 Cranch, 194; *Wilkins* v. *McGuire*, 3 App. D. C. 448; *Mathews* v. *Sharp*, 99 Penn. Stat. 560.

2. The court erred in holding defendant's affidavit insuf-

---

Deponent further states that during several years past he has had frequent and large transactions with the plaintiff, William A. Hammond, but in respect to those which are now made the subject of this action the defendant states as follows:

The first cause of action sued upon, to wit, a note for the sum of twenty-five hundred dollars ($2,500.00), dated February 7th, 1893, at four months, payable to the order of William A. Hammond, was executed under the following circumstances:

That about the same time he made it he made a check upon Lewis Johnson & Company, a banking-house in the city of Washington, for the sum of twenty-five hundred dollars ($2,500.00), the same to be drawn on the first day of March then next ensuing and since elapsed; that neither was the said check honored when same was presented nor was the said note paid at maturity; that subsequently, on the 5th day of July, 1893, this defendant executed and delivered to the said William A. Hammond, plaintiff, the draft for twenty-five hundred dollars ($2,500,00), being the third cause of action set out in plaintiff's particulars of demand, the same to be in payment and satisfaction of the note first stated by the said plaintiff as his first cause of action; that the same day he executed and delivered to the said William A. Hammond, the draft of Edward Morton & Company, of New York City, for the sum of five thousand dollars ($5,000.00), being the second cause of action set out by plaintiff, same to be discounted by the said plaintiff, whereof twenty-five hundred dollars ($2,500.00) was to be used to pay and satisfy the said check, and the residue was for the accommodation of and to be returned to this defendant; that no part thereof was ever returned to him, and this defendant says that upon all of the several claims that are now held against him, he is indebted to the said William A. Hammond, plaintiff above named, in the sum of five thousand dollars ($5,000.00), but the same is not represented by any of the causes of action sued upon in this proceeding.

That all the transactions pending between this defendant and the said plaintiff have been frequently changed, from time to time, and are now all merged in one single obligation of five thousand dollars ($5,000.00), but this deponent does not admit that the causes of action here sued upon in this proceeding represents this amount or any valid and subsisting demands against this defendant upon which the plaintiff is entitled to maintain this action.

So much of the affidavit of the said plaintiff as has relation to a sale of stock in the National Heating & Ventilating Co. is wholly irrelevant and has no relation whatever to these transactions, the same being an independent transaction between the plaintiff and this defendant, wherein the plaintiff became the purchaser of certain of the defendant's interests in said company for which he has settled and of which he is the owner.　　　　　　　　JOSEPH S. LAWRENCE.

.ficient. *Feust* v. *Fell*, 6 W. N. C. 43; *Selden* v. *Neemes*, 43 Penn. Stat. 421; *Bank* v. *Smith*, 11 Wheat, 171, 172, 179, 180; *Thornton* v. *Weser*, 20 D. C. 233; *Lulley* v. *Morgan*, 21 D. C. 88; *Picket* v. *Isgrigg*, 10 Biss. C. C. 230; *Indianapolis RR.* v. *McLin*, 82 Ind. 435; *Ruff* v. *Ruff*, 85 Ind. 431; *Vigo, etc.,* v. *Brumfiel*, 102 Ind. 146; *Lake Shore, etc.,* v. *Foster*, 104 Ind. 202; *Berry* v. *Griffin*, 10 Md. 27; *Witherly* v. *Man et al.*, 11 Johns. 516; *Cox* v. *Boone*, 8 W. Va. 500; *Wolf* v. *Finks*, 1 Penn. Stat. 435; *Hilliard* v. *Smith*, Comb. 19; Randolph on Com. Paper, 159; *Dunlop* v. *Silver*, 1 Cranch. 27; *McDonough* v. *Kane*, 75 Ind. 181; Daniel on Neg. Inst., Secs. 68 and 81*a*; *Johnson* v. *Hille*, 2 Clark, 1274; Endlich on Aff. Defense, 629; *Rand* v. *Lore*, 5 W. N. C. 236; *Stow* v. *Russell*, 36 Ill. 18; *Chrisman* v. *Hodges*, 75 Mo. 413; *Hargrave* v. *Conroy*, 19 N. J. Eq. 281; *Iowa Co.* v. *Foster*, 49 Iowa, 676.

*Mr. Samuel Maddox* for the appellee:

1. Objection is made here for the first time of the want of averment of protest of the drafts described in the second and third counts. But with regard to this it is only necessary to say that the averment that the drafts were " duly presented for payment and were dishonored, whereof the defendant had due notice " is in accord with the abbreviated forms of actions in use in the District of Columbia, which were held sufficient by this court. *Wilkins* v. *McGuire*, 2 App. D. C. 448.

It cannot be said that the plaintiff has not set out a cause of action in precise and distinct terms, which, standing alone, would entitle him to judgment. But he goes still further and shows that defendant *repeatedly* declared his intention of repaying the $10,000, offering even to given as security a mortgage on a farm he owned in Maryland.

Nowhere in defendant's affidavit are any grounds of defense shown. Taking it " as absolutely true and upon all

the facts properly stated as conclusive," no reason is shown why the plaintiff should not have judgment.

The judgment of the court below can be sustained on the common counts alone, the pleas thereto and the affidavit annexed to the declaration. *Wilkins* v. *McGuire, supra.*

Mr. Chief Justice ALVEY delivered the opinion of the Court:

We are not called upon to decide the question on this appeal as to whether the declaration sets forth in technical form a good cause of action. That is a question to be raised and decided on demurrer, or motion in arrest of judgment, or by instruction on the trial, and not in a collateral way by an objection to the affidavit.

The first question is, whether the affidavit of the plaintiff is sufficient to gratify the rule. It is objected by the defendant, that the bills of exchange declared on are foreign bills of exchange, and that neither the declaration nor the affidavit avers or states that they were protested, and that protest is essential to hold either the drawer or indorser responsible on such bills. Neither the declaration nor the affidavit shows whether the bills of exchange were in fact foreign or inland; and whether such an objection can be availed of in the manner here proposed, is a question that we need not decide. For assuming that the bills declared on are foreign bills, the want of protest may be excused; and among the several things that will operate to excuse such protest are, that the defendant, being the drawer, had no funds in the hands in the hands of the drawee, or had no right to draw the bill, or that he has admitted his liability on the bill, or has promised to pay the same. In such cases, a protest need not be proved. Chitty & Hume on Bills, 655; Bayley on Bills, 475; *Gibbon* v. *Coggon,* 2 Camp. 188. In the affidavit of the plaintiff, as we understand it, the case was brought within the principle by which the protest was excused.

Indeed, the defendant does not claim to be exonerated because of the failure to have the bills protested, but because, as he alleges, he has paid and settled them, by substituting other obligations or promises for them. We are of opinion, therefore, that the plaintiff's affidavit was sufficient.

Then, with respect to the affidavit of the defendant. The defendant admits an indebtedness to the plaintiff of $5,000, but he swears that such sum is not represented by, or owing from him, on the note and bills of exchange sued on. He says that the transactions between the plaintiff and himself have been frequently changed, and that his indebtedness to the plaintiff is now all merged in one single obligation of $5,000; and that the note and bills of exchange sued on in this case, are not valid and subsisting demands upon which the plaintiff is entitled to recover. If this defense be supported by evidence, it would, of course, defeat the action. It must be borne in mind, that while the affidavit required of the plaintiff to entitle him to summary judgment under the rule, may be determined to be insufficient, the party is left to pursue his action in the regular way to trial and judgment, if he be entitled to it. But with the defendant the rule operates very differently. If his affidavit of defense be adjudged insufficient for any cause, judgment goes against him in favor of the plaintiff, and he is concluded, without trial, and without an opportunity to produce his evidence to refute the claim of the plaintiff, or to make good his defense to the action. It would seem but reasonable, therefore, that the rule, and the affidavit of defense required by it, should be liberally construed in favor of the party's right to make and maintain his defense. The object of the rule, as applied to the defendant, is supposed to be to prevent sham and fictitious defenses, to the hinderance and delay of justice. Therefore, when the affidavit is sufficient to satisfy the court of the good faith of the defendant in making his defense, great strictness ought not to be required. Otherwise, more litigation is produced, and delay and expense incurred, by

appeals and otherwise, than can ever be prevented by the rule.

We are of opinion that the affidavit of the defendant is sufficient to entitle him to a trial of the cause, and we must, therefore, reverse the judgment.

*Judgment reversed, with cost to appellant and cause remanded for trial in regular course.*